UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MILFORD & FORD ASSOCIATES, INC. and D. MICHAEL COLLINS, <br><br>Plaintiffs <br><br>v. <br><br>CELL-TEK, LLC, <br><br>Defendant and Third Party Plaintiff <br><br>v. <br><br>ERIE INSURANCE EXCHANGE, et. al. <br><br>Third Party Defendants | C.A. NO. 1:09-CV-11261-DPW |

**ORDER AUTHORIZING NOTICE OF CLASS SETTLEMENT AND CONDITIONAL CERTIFICATION OF CLASS AND ENTRY OF SCHEDULING ORDER**

Pending is the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement and Conditional Certification of Class and Entry of Scheduling Order (the "Motion"). For the reasons stated herein, the Court GRANTS the Motion, conditionally certifies the class, authorizes notice of the Stipulation of Class Action Settlement (the "Stipulation" or the "Settlement") and enters the schedule set forth below for notice to the class, exclusion and opt out deadlines, and for a final approving hearing.

WHEREAS, the parties have filed the Motion, and the Stipulation, which, together with the exhibits thereto, set forth the terms and conditions for the settlement and release of certain claims against the defendants Cell-Tek, LLC, and Erie Insurance Exchange; the Court having considered the Stipulation and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination, the Stipulation appears fair, reasonable and

adequate, and that a hearing should and will be held after notice to the class to confirm that the Stipulation is fair, reasonable, and adequate, and to determine whether a Judgment Approving Settlement and Order of Dismissal should be entered in this action based upon the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the settlement class (the "Class") described below.

2. Pursuant to Rule 23(b)(3), *Federal Rules of Civil Procedure* ("Fed.R.Civ.P."), and for the purposes of settlement only, the Class is preliminarily certified and defined as:

> All persons or entities within the United States to whom Cell-Tek, in or about November of 2007, sent or caused to be sent the facsimile advertisement identical in substance to the Cell-Tek Junk Fax attached to the Class Complaint.

3. Pursuant to Fed.R.Civ.P. 23, and for settlement purposes only, plaintiff Milford & Ford Associates, Inc., and plaintiff D. Michael Collins, are hereby appointed class representatives and the following counsel are hereby appointed as Class Counsel:

**Matthew P. McCue**
**LAW OFFICE OF MATTHEW P. MCCUE**
**340 Union Avenue**
**Framingham, MA 01790**

Edward A. Broderick
THE LAW OFFICE OF EDWARD A. BRODERICK
727 Atlantic Avenue, Second Floor
Boston, MA  02111

4. The Court hereby directs Class Counsel to retain an administrator to provide Notice to Settlement Class Members, to perform such other functions and duties of the administrator as are set forth in the Stipulation, and to provide such administration services as are reasonably necessary to facilitate the completion of the settlement (the "Settlement Administrator").

5. The prerequisites for a class action under Fed.R.Civ.P. 23(a) and (b)(3) have been preliminarily satisfied in that the number of class members is so numerous that joinder of all members thereof is impracticable; there are questions of law and fact common to the class; the claims of the class representatives are typical of the claims of the respective classes within the class they seek to represent; the class representatives will fairly and adequately represent the interests of the Class; the questions of law and fact common to the members of the class predominate over any questions affecting only individual members of the class; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that the members of the class have a limited interest in individually prosecuting the claims at issue; the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Class; it is desirable to concentrate the claims in this forum; and it is unlikely that there will be difficulties encountered in administering this settlement.

6. A hearing (the "Final Approval Hearing") pursuant to Fed.R.Civ.P. 23(e) is hereby scheduled to be held before the Court on **August 16, 2011 at 3:30 p.m.** for the following purposes:
    a. to finally determine whether the applicable prerequisites for settlement class action treatment under Fed.R.Civ.P. 23(a) and (b) are met;

    b. to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;
    c. to determine whether the Judgment as provided under the Stipulation should be entered;
    d. to consider the application for an award of attorneys' fees and expenses of Class Counsel;
    e. to consider the application for compensation awards to the class representatives;
    f. to consider the distribution of the settlement fund pursuant to the Stipulation; and
    g. to rule upon such other matters as the Court may deem appropriate.

7. Briefs and papers in support of the Final Approval of the proposed Settlement shall be filed no later than fifteen (15) days before the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Class. After the Final Approval Hearing, the Court may enter a Judgment Approving the Stipulation of Settlement and enter an Order of Dismissal in accordance with the Stipulation that will adjudicate the rights of all members of the Class.

8. The Court hereby approves the form, content and requirements of the notice annexed to the Stipulation at Exhibit B and the regime for notice set forth in the Stipulation ("Notice"). Class Counsel shall cause the Notice to be mailed, by first class mail postage prepaid, and faxed, to the members of the Class no later than forty-five (45) days after the date of Preliminary Approval. The Court finds that this notice regime constitutes reasonable effort to identify and notify such class members. Class Counsel shall, no later than two (2) weeks prior to the Final Approval Hearing, file with the Court proof of mailing of the mailed and faxed Notice to members of the Class.

9. The form and method set forth or identified herein of notifying the Class, and the members thereof, of the settlement and its terms and conditions constitutes the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort, and satisfies fully the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process and any other applicable law.

10. All costs of providing Notice to the Class, and the costs of administering distributions, shall be paid out of the Settlement.

11. No later than fifteen (15) days before the Final Approval Hearing, Class Counsel shall file and serve (i) motion for final approval; (ii) any application for award of attorneys' fees and expenses; and (iii) any application for compensation awards to the class representatives. For clarity, the deadlines the parties shall adhere to are as follows:

**Notice Deadline**              May 2, 2011 (45 days after Preliminary Approval)

**Objection/Exclusion/Claim Deadline**              July 1, 2011 (60 days after Notice Deadline)

**Motion for Final Approval Submitted to Court**              August 1, 2011 (30 Days after Claim Deadline)

**Final Approval Hearing:**              August 16, 2011, 3:30 p.m. (15 days after Motion for Final Approval)

12. Members of the Class shall be bound by all determinations and orders pertaining to the settlement as set forth in the Stipulation, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner. Members of the Class who do not timely and validly request exclusion shall be so bound even if they have previously initiated or subsequently initiate individual litigation or other proceedings against Cell-Tek, LLC relating to the claims released pursuant to or covered by the terms of the Settlement.

13. A member of the Class wishing to make a request for exclusion shall mail the request in written form, by first class mail, postage prepaid, and postmarked no later than July 1, 2011 (60 days after the Notice Deadline) to the Settlement Administrator at the address specified in the Notice. Such request for exclusion shall clearly indicate the name, address, and telephone number of the person seeking exclusion, the name and case number of the case, must be signed by such person, and shall state the class member excludes him or herself from the settlement.

The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No member of the Class, or any person acting on behalf of or in concert or in participation with that member of the Class, may request exclusion of any other Class member. Copies of requests for exclusion will be provided by the Settlement Administrator to Class Counsel not later than five business days after the deadline for requesting exclusion. The original requests for exclusion shall be filed with the Clerk of the Court by the Administrator no later than fourteen days before the Final Approval Hearing. The names and addresses of all excluded persons shall be attached as an appendix to the Final Judgment.

14. Any member of the Class who is not excluded and who objects to the approval of the proposed Settlement, must submit a complete written statement of all grounds for the objection, together with factual and legal support for the stated objection. A member of the Class may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and/or the request for compensation awards to the class representatives are required to indicate in their written objection their intention to appear at the hearing, and must offer a complete statement of grounds for the objection, together with all factual and legal authority for the stated objection, and state the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing.

15. The Court will consider comments and/or objections to the Settlement, the award of attorneys' fees and reimbursement of expenses, and the service award to the class

representative only if, on or before July 1, 2011 (60 days after the Notice Deadline), such comments or objections and any supporting papers are filed in writing with the Clerk of Court of the United States District Court for the District of Massachusetts, One Courthouse Way, Boston, MA 02210, and copies of all such papers are served upon the Settlement Administrator. The objections must state the name and number of this action. No member of the Class shall be entitled to be heard and no objection shall be considered unless these requirements are satisfied.

16. The Settlement Administrator shall transmit all copies of any objections received within ten business days of receipt to the below counsel of record, at the following addresses:

> Edward A. Broderick, Esq.
> Broderick Law, P.C.
> 727 Atlantic Avenue, Second Floor
> Boston, MA 02111
>
> Jeffery B. Renton, Esq.
> Gilbert & Renton
> 344 North Main St.
> Andover, MA 01810
>
> Andrew E. Goloboy, Esq.
> Dunbar Law P.C.
> 10 High St. Suite 700
> Boston, MA 02110

17. Any member of the Class who does not object to the Settlement in the manner provided herein shall be deemed to have waived any objection to the Settlement by appeal, collateral attack, or otherwise.

18. Members of the Class do not need to appear at the hearing or take any other action to indicate their approval.

19. Pending final determination of whether the Settlement should be approved, the plaintiffs and all members of the Class, and anyone who acts or purports to act on their behalf,

shall not institute, commence or prosecute any action which asserts Released Claims, as those terms are defined in the Stipulation.

20. All discovery and other pretrial proceedings are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Stipulation and this Order.

21. If the Settlement does not become effective, the order certifying the Class and all preliminary and/or final findings or stipulations regarding certification of the Class shall be automatically vacated, voided and treated as if never filed, and the parties will retain and reserve all positions with respect to the litigation, and the litigation shall proceed as if no settlement had been reached. Plaintiffs' counsel shall return the entire amount of the common fund, less expenses paid for settlement administration, and no party to the Stipulation shall rely on the prior existence of such certification or related findings or stipulations for purposes of seeking class certification in the future.

22. The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED:    March 16, 2011

_____
Douglas P. Woodlock, United States District Court Judge